UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTHONY AVERITT,

          Plaintiffs,

     v.

STATE OF WASHINGTON, *et al.*,

          Defendants.

CASE NO.  C10-5168RJB

ORDER

      This Civil Rights Action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4.  The Court, having reviewed plaintiff's application for IFP, complaint and the balance of the record contained herein, does hereby find as follows:

      Review of plaintiff's complaint shows that the claims being made call into question the validity of a pending criminal matter.  Plaintiff is currently in custody at the Pierce County Jail.  In his complaint, plaintiff states that he was fleeing in a car, working the gas pedal and brake with his hands while he was on the floor, when police officers shot him in the back.  As relief,

ORDER - 1

plaintiff seeks dismissal of pending criminal charges and removal of the matter from his criminal record.

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The court added:

> [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id.

Plaintiff's claims call into question the legality of his current confinement and pending criminal matter based on the factual allegations made in his civil rights complaint. Plaintiff must first raise these claims in a state court action, or, possibly, in a petition for writ of habeas corpus -- not a § 1983 civil rights claim for money damages. Thus, this §1983 civil rights complaint for monetary damages appears to be premature.

Based on the forgoing findings, it is hereby ORDERED that **by no later than April 12, 2010**, Plaintiff shall either file an amended complaint, curing, if possible, the above noted deficiencies, or show cause why this matter should not be summarily dismissed. If an amended complaint is not timely filed or if plaintiff fails to adequately respond, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

//

1  The Clerk is directed to send plaintiff a copy of this Order and the General Order

2  DATED this 15th day of March, 2010.

_____
J. Richard Creatura
United States Magistrate Judge