UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTHONY AVERITT,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>    Defendants. | Case No.  C10-5168RJB<br><br>REPORT AND RECOMMENDATION<br><br>NOTED May 21, 2010 |

  This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

  This matter directly challenges the propriety of plaintiff's arrest, conviction, and/or current confinement in prison.  For instance, as relief, plaintiff seeks dismissal of pending criminal charges and removal of the matter from his criminal record.

<u>DISCUSSION</u>

  The court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d) when the complaint fails to state a claim or when the complaint, on its face, contains a complete defense to the action.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

REPORT AND RECOMMENDATION- 1

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

On March 16, 2010, the undersigned reviewed the submitted Complaint and directed plaintiff to either show cause why the matter should not be summarily dismissed or to file an amended complaint curing certain deficiencies.  The court specifically explained that the allegations in the Complaint challenged the propriety of plaintiff's criminal arrest, conviction and confinement in prison. *See* Doc. 3.  The court explained that when a person challenges the fact or duration of his imprisonment, and the relief he seeks is his immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994).  The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily

REPORT AND RECOMMENDATION- 2

to imply the invalidity of the judgment.' Id.  If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."  Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)).

Here, plaintiff is currently in custody at the Pierce County Jail.  Plaintiff alleges that he was fleeing in a car, working the gas pedal and brake with his hands while he was on the floor, when police officers shot him in the back.  As noted above, plaintiff seeks dismissal of the pending criminal action related to this incident and removal of the matter from his criminal record.  Plaintiff has not responded to the court's order to show cause.

In sum, it is clear to this court that this matter includes allegations that cannot be considered because they challenge the fact or duration of plaintiff's current confinement in the Pierce County Jail.

## CONCLUSION

The action should be DISMISSED without prejudice.  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 21, 2010, as noted in the caption.

Dated this 30th day of April, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3